# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No.**

MATTHEW R. SIMONE,

     Plaintiff,

v.

LFA RESTAURANT GROUP LLC,
a Florida profit corporation,
d/b/a AMICI BRICK OVEN PIZZA,
ADRIAN SHALA, an individual,

     Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, MATTHEW R. SIMONE ("Simone") by and through his undersigned attorney, hereby files this lawsuit against Defendant, LFA RESTAURANT GROUP LLC, a Florida profit corporation, d/b/a AMICI BRICK OVEN PIZZA ("LFA") and ADRIAN SHALA ("Shala"), individually, and as grounds therefore alleges as follows:

## JURISDICTION, PARTIES, AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §207 ("FLSA"), for unpaid overtime and minimum wage.

3. This Court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff SIMONE is a resident of Palm Beach County, Florida.

5. Defendant LFA is a Florida corporation and has a principal place of business at 801 Village Blvd #306, West Palm Beach, FL 33409.

6. Defendant SHALA is believed to have operational control over LFA.

7. This cause of action occurred in Palm Beach County, Florida.

8. Palm Beach County, Florida is proper venue for this action because Plaintiff resides in Palm Beach County and at all times material hereto, Plaintiff was employed by and had dealings with Defendants in Palm Beach County, Florida.

9. Defendants failed to pay Plaintiff the mandatory overtime wages as required under federal law.

10. Defendants have an annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

11. Defendants, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

12. Plaintiff's job duties were such that he himself was individually engaged in commerce.

## COMMON ALLEGATIONS

13. Plaintiff was employed with Defendants from on or about July 31, 2019 until September 11, 2020.

14. Plaintiff worked for Defendants as a driver with duties that included transportation, inventory, customer service and order reception.

15. At all times relevant, Defendants have paid Plaintiff at less than a "tipped" Florida minimum wage rate of $5.00 an hour.

16. Defendants have not satisfied the strict requirements under the Fair Labor Standards Act ("FLSA") that would allow them to pay this reduced minimum wage (i.e. take a "tip credit").

17. Specifically, Defendants require Plaintiff and other Tipped Employees to engage in a tip

distribution scheme wherein they must share a daily portion of their total tips with the General Manager.

18. General Managers responsible for the day-to-day management of the restaurant do not perform personal service to patrons at a level that is a principal and regular part of their duties and is not merely occasional or incidental. As a result, General Managers are not entitled to share tips under the FLSA.

19. As such, Defendants failed to pay Plaintiff the mandatory wages as required under federal law.

20. During his employment, Plaintiff worked a total of 1,050.20 hours for Defendants.

21. As such, Plaintiff is owed the difference of the higher Florida minimum wage of $8.56 and the $5.00 an hour Plaintiff was actually paid.

22. Plaintiff's minimum wage damages are $3.56 an hour multiplied by the total hours worked of 1,054.90 for a total of $3,755.44.

23. Specifically, on pay period ending August 18, 2019, Plaintiff worked a total of 24.5 hours.

24. Specifically, on pay period ending August 25, 2019, Plaintiff worked a total of 29.6 hours.

25. Specifically, on pay period ending September 1, 2019, Plaintiff worked a total of 31.3 hours.

26. Specifically, on pay period ending September 8, 2019, Plaintiff worked a total of 31 hours.

27. Specifically, on pay period ending September 15, 2019, Plaintiff worked a total of 31.3 hours.

28. Specifically, on pay period ending September 22, 2019, Plaintiff worked a total of 31.2 hours.

29. Specifically, on pay period ending September 29, 2019, Plaintiff worked a total of 33.9 hours.

30. Specifically, on pay period ending October 6, 2019, Plaintiff worked a total of 38.6 hours.

31. Specifically, on pay period ending October 20, 2019, Plaintiff worked a total of 49.1 hours.

32. Specifically, on pay period ending October 27, 2019, Plaintiff worked a total of 19.7 hours.

33. Specifically, on pay period ending November 3, 2019, Plaintiff worked a total of 26.7 hours.

34. Specifically, on pay period ending November 10, 2019, Plaintiff worked a total of 34.6 hours.

35. Specifically, on pay period ending November 17, 2019, Plaintiff worked a total of 49.6 hours.

36. Specifically, on pay period ending November 24, 2019, Plaintiff worked a total of 35.1 hours.

37. Specifically, on pay period ending December 1, 2019, Plaintiff worked a total of 40.7 hours.

38. Specifically, on pay period ending December 22, 2019, Plaintiff worked a total of 17.8 hours.

39. Specifically, on pay period ending December 29, 2019, Plaintiff worked a total of 38.1 hours.

40. Specifically, on pay period ending January 5, 2020, Plaintiff worked a total of 12.5 hours.

41. Specifically, on pay period ending January 12, 2020, Plaintiff worked a total of 29.6 hours.

42. Specifically, on pay period ending January 19, 2020, Plaintiff worked a total of 29.5 hours.

43. Specifically, on pay period ending February 9, 2020, Plaintiff worked a total of 11 hours.

44. Specifically, on pay period ending March 1, 2020, Plaintiff worked a total of 23.6 hours.

45. Specifically, on pay period ending March 8, 2020, Plaintiff worked a total of 6 hours.

46. Specifically, on pay period ending April 19, 2020, Plaintiff worked a total of 26.2 hours.

47. Specifically, on pay period ending April 26, 2020, Plaintiff worked a total of 16.9 hours.

48. Specifically, on pay period ending May 3 2020, Plaintiff worked a total of 37.7 hours.

49. Specifically, on pay period ending May 10, 2020, Plaintiff worked a total of 21.1 hours.

50. Specifically, on pay period ending May 24, 2020, Plaintiff worked a total of 26.5 hours.

51. Specifically, on pay period ending May 31, 2020, Plaintiff worked a total of 36.1 hours.

52. Specifically, on pay period ending June 7, 2020, Plaintiff worked a total of 27.8 hours.

53. Specifically, on pay period ending June 14, 2020, Plaintiff worked a total of 35.9 hours.

54. Specifically, on pay period ending June 28, 2020, Plaintiff worked a total of 19.4 hours.

55. Specifically, on pay period ending July 5, 2020, Plaintiff worked a total of 30.9 hours.

56. Specifically, on pay period ending July 12, 2020, Plaintiff worked a total of 15.5 hours.

57. Specifically, on pay period ending July 19, 2020, Plaintiff worked a total of 22.5 hours.

58. Specifically, on pay period ending August 2, 2020, Plaintiff worked a total of 8.7 hours.

59. Specifically, on pay period ending August 16, 2020, Plaintiff worked a total of 4.2 hours.

60. Specifically, on pay period ending August 23, 2020, Plaintiff worked a total of 26.6 hours.

61. Specifically, on pay period ending September 13, 2020, Plaintiff worked a total of 4.7 hours.

62. Plaintiff occasionally worked over forty (40) hours in a given work week.

63. Plaintiff is a non-exempt employee under the FLSA.

64. Defendants failed to pay Plaintiff overtime as required by federal law.

65. Plaintiff was not paid time and one half his hourly rate for hours worked over forty (40) hours in a work week.

66. Defendants followed a pay period of Monday to Sunday.

67. On the pay period ending October 27, 2019, Plaintiff worked a total of 49.1 hours, for a total unpaid overtime of 9.1 hours.

68. On the pay period ending November 17, 2019, Plaintiff worked a total of 49.6 hours, for a total unpaid overtime of 9.6 hours.

69. On the pay period ending December 1, 2019, Plaintiff worked a total of 40.7 hours, for a total

unpaid overtime of .7 hours.

70. In total, Plaintiff is owed unpaid overtime for a total of 19.4 overtime hours during his employment.

71. Plaintiff's unpaid overtime damages amount to $249.10 (19.4 unpaid overtime hours multiplied by the overtime rate of $12.84).

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

Plaintiff re-alleges and references each and every allegation contained in the preceding Paragraphs 1 through 71 and incorporates the same as set forth fully herein.

72. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

73. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks he was employed with the Defendants.

74. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendants.

75. Defendants failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

76. The Defendants' failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which he was not compensated in the preceding period of time.

77. Defendants' failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

78. As a direct and proximate result of the Defendants' actions, Plaintiff has obtained counsel to

represent him in this action and has agreed to incur reasonable attorney's fees and costs for the

prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award

of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

79. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered damages.

80. As a result of Defendants' conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated

damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the

Defendants as follows: The Plaintiff be awarded general and compensatory damages, liquidated

damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of

suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the

Court deems just and proper.

### COUNT II
### MINIMUM WAGE
### IN VIOLATION OF FLSA §206

Plaintiff re-alleges and references each and every allegation contained in the preceding

Paragraphs 1 through 71 and incorporates the same as set forth fully herein.

81. Plaintiff is a covered, non-exempt employee and is entitled to minimum wage for all hours

worked.

82. Defendants failed to compensate Plaintiff for work performed.

83. Plaintiff worked without being compensated at minimum wage.

84. Defendants' failure to properly compensate the Plaintiff is in violation of the FLSA §206.

Plaintiff is aware of hours for which he was not compensated in the preceding period of time.

85. Defendants' failure to pay Plaintiff at minimum wage was the result of intentional, willful misconduct, such that Plaintiff is entitled to minimum wage payments for the entire preceding three (3) year period.

86. As a direct and proximate result of the Defendants' actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

87. As a direct and proximate result of the Defendants' actions, the Plaintiff has suffered damages.

88. As a result of Defendants' conduct, Plaintiff is entitled to unpaid wages, liquidated damages, prejudgment interest, attorney's fees, costs and other penalties allowable at law.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendants as follows: That Plaintiff be awarded back wages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to the FLSA; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

## COUNT III
## TIP POOL CREDIT
## IN VIOLATION OF FLSA § 3(m)

Plaintiff re-alleges and references each and every allegation contained in the preceding Paragraphs 1 through 71 and incorporates the same as set forth fully herein.

89. Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiff in violation of FLSA § 3(m).

90. Defendants unlawfully required Plaintiff to share the gratuities he received with employees other than tipped employees, in violation of FLSA § 3(m).

91. Due to Defendants 'violations of FLSA § 3(m), Plaintiff is entitled to recover from Defendants the value of the misappropriated gratuities, liquidated damages as provided for by the FLSA, and reasonable attorneys 'fees and costs, as well as prejudgment interest.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendants as follows: That Plaintiff be awarded the value of misappropriated gratuities, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to the FLSA; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 24th day of September 2020.

SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar Number 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com